IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| VICTOR MOLINAR, | § | |
| TDCJ No. 02261976, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | EP-22-CV-379-FM |
| | § | |
| BOBBY LUMPKIN, | § | |
| Director, Texas Department of | § | |
| Criminal Justice, Correctional | § | |
| Institutions Division, | § | |
|     Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

Victor Molinar challenges Bobby Lumpkin's custody of him through a *pro se* petition for a writ of habeas corpus under 28 U.S.C. §§ 2241, 2254. Pet'r's Pet., ECF No. 1.[1] His opposed petition is denied for the following reasons.

**BACKGROUND AND PROCEDURAL HISTORY**

Molinar is a 60-year-old state prisoner at the Bill Clements Unit in Brazoria, Texas. *See* Texas Department of Criminal Justice (TDCJ), Inmate Information Details, https://inmate.tdcj.texas.gov /InmateSearch (search for TDCJ No. 02261976) (last visited May 8, 2023). His parole eligibility and projected release date is December 20, 2062. *Id*.

Molinar was found guilty by a jury on one count of continuous sexual abuse of a child under fourteen, in violation of Texas Penal Code § 21.02, and one count of indecency with a child by sexual contact, in violation of Texas Penal Code § 21.11(a)(1), in cause number 20170D05754 in the 34th Judicial District Court in El Paso County, Texas. *Molinar v. State*, No. 08-19-00126-

---

[1] "ECF No." refers to the Electronic Case Filing number for documents docketed in this matter. Where a discrepancy exists between page numbers on filed documents and page numbers assigned by the ECF system, the Court will use the latter page numbers.

CR, 2021 WL 288047, at *1 (Tex. App. Jan. 28, 2021, pet. ref'd). His offenses involved two of his granddaughters, K.R. and L.M. *Id*. He was sentenced to "45 years on the former and 10 years on the latter." *Id*. at *2.

Molinar raised two objections in a direct appeal. *Id*. First, he asserted the trial court erred by "not permitting him to impeach" a witness "with a prior misdemeanor offense involving her moral turpitude." *Id*. He also claimed the court erred by "denying his motion for a directed verdict based on an asserted failure of the State to prove the period between assaultive events was at least thirty days." *Id*. His objections were overruled by the Eighth Court of Appeals and the judgment was affirmed. *Id*. at *4, *5. His petition for discretionary review was refused by the Texas Court of Criminal Appeals. He filed a state writ application on May 18, 2022, which was denied without written order. Pet'r's Pet., ECF No. 1 at 4. He signed and presumably mailed his federal habeas petition on October 17, 2022. *Id*. at 10.

Molinar raises four broad issues in his federal petition. *Id*. at 6–7. First, he asserts his trial counsel provided constitutionally ineffective assistance when they failed to (1) file a motion to suppress, and (2) subject the prosecution's case to adversarial testing. *Id*. Second, he claims the evidence was insufficient to support the conviction. *Id*. Third, he contends his appellate counsel provided ineffective assistance when he failed to address the ineffective assistance of his trial counsel. *Id*. at 7. Finally, he maintains the trial court erred by (1) denying him the opportunity to impeach a witness, (2) allowing hearsay testimony, and (3) imposing a sentence which was "contrary to the law." *Id*. He seeks "a full exoneration of all charges along with a complete expungement of the record." *Id*.

Lumpkin "believes that Molinar sufficiently exhausted his state remedies as required by 28 U.S.C. § 2254(b)(1) with regard to the allegations." Resp't's Answer, ECF No. 20 at 6. He asserts "[t]he petition . . . should be denied because Molinar failed to establish that the state courts' rejection of his claims was objectively unreasonable." *Id.* at 1.

## APPLICABLE LAW

The writ of habeas corpus is "an extraordinary remedy" reserved for those petitioners whom "society has grievously wronged." *Brecht v. Abrahamson*, 507 U.S. 619, 633–34 (1993). It "is designed to guard against extreme malfunctions in the state criminal justice system." *Id.* (citing *Jackson v. Virginia*, 443 U.S. 307, 332, n.5 (1979) (Stevens, J., concurring)). It is granted by a federal court pursuant to 28 U.S.C. § 2254 only where a state prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Preiser v. Rodriguez*, 411 U.S. 475, 484–87 (1973). It is not granted to correct errors of state constitutional, statutory, or procedural law. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996).

Therefore, "federal courts do not sit as courts of appeal and error for state court convictions." *Dillard v. Blackburn*, 780 F.2d 509, 513 (5th Cir. 1986). They may grant § 2254 relief only when a petitioner successfully raises a federal issue. *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995). And they must find (1) the state court decided the federal issue contrary to clearly established federal law as determined by the Supreme Court, or (2) the state court's decision was based on an unreasonable determination of the facts considering the record. *Harrington v. Richter*, 562 U.S. 86, 100–01 (2011). They must defer to state court decisions on the merits. *Moore v. Cockrell*, 313 F.3d 880, 881 (5th Cir. 2002). They must accept as correct any factual

determinations made by the state courts unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e); *see also Ford v. Davis*, 910 F.3d 232, 234 (5th Cir. 2018) ("a state court's factual findings are presumed to be correct, and the applicant bears the burden of rebutting that presumption by clear and convincing evidence."). Finally, they must accept state court decisions on procedural grounds. *Coleman v. Thompson*, 501 U.S. 722, 729–30 (1991); *Muniz v. Johnson*, 132 F.3d 214, 220 (5th Cir. 1998).

## ANALYSIS

### A. Ineffective Assistance of Trial Counsel

Molinar asserts his trial counsel provided constitutionally ineffective assistance when they failed to (1) file a motion to suppress, which he claims would have revealed the State had no evidence to support the charges; and (2) subject the prosecution's case to adversarial testing, which he claims would have challenged the sufficiency of the evidence. Pet'r's Pet., ECF No. 1 at 6.

A petitioner's ineffective-assistance-of-counsel claim is analyzed under the two-pronged test in *Strickland v. Washington*, 466 U.S. 668 (1984). *United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001). To prevail, a petitioner must demonstrate (1) his counsel's performance was deficient and (2) the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 689–94. To establish deficient performance, he must present evidence that his counsel's assistance fell " 'below an objective standard of reasonableness.' " *United States v. Conley*, 349 F.3d 837, 841 (5th Cir. 2003) (quoting *Strickland*, 466 U.S. at 688). To establish prejudice, he "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. If a petitioner fails to prove

4

one prong, the reviewing court need not analyze the other. *See Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

In addition to applying the *Strickland* two-prong test, a federal habeas court must also review a state petitioner's ineffective assistance of counsel claim "through the deferential lens of [28 U.S.C.] § 2254(d)." *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011). It must consider not only whether the state court's determination was incorrect, but also "whether that determination was unreasonable—a substantially higher threshold." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (citing *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)); *see also Harrington*, 562 U.S. at 101 ("The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable.").

### (1) Motion to Suppress

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. "Typically, in order to be 'reasonable' under the Fourth Amendment, a search must be supported by a warrant, unless the search is supportable under one or more of the 'specifically established and well-delineated exceptions' to the warrant requirement." *Neumeyer v. Beard*, 421 F.3d 210, 213 (3d Cir. 2005) (quoting *United States v. Brightwell*, 563 F.2d 569, 574 (3d Cir. 1977) (internal citations and quotations omitted).

"While it is true that a failure to object properly or to preserve fundamental errors at trial may constitute ineffective assistance, . . . the standard under *Strickland* ultimately diverts attention

5

from legal error to assessing the probability that the outcome of the proceeding would have been different." *Smith v. Black*, 904 F.2d 950, 980 (5th Cir.1990), *vacated on other grounds*, 503 U.S. 930 (1992). So, when the crux of the ineffective assistance claim involves counsel's failure to file a motion to suppress evidence, " 'the defendant must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice.' " *United States v. Alanis*, 88 F. App'x 15, 17 (5th Cir. 2004) (quoting *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986)). As a result, a petitioner's allegation of ineffective assistance in failing to file a motion to suppress places the burden on petitioner to prove not only that counsel was deficient, but also that the motion, if it had been filed, would have been granted and the evidence—which was admitted at his trial—would have been suppressed. *See Kimmelman*, 477 U.S. at 375.

"Molinar does not identify any evidence that was used in violation of [his] Fourth Amendment protections." Resp't's Answer, ECF No. 20 at 16. His motion to suppress—based on no evidence—would have been frivolous. Therefore, he cannot show (1) his Fourth Amendment claim is meritorious and (2) there is a reasonable probability that the verdict would have been different absent the excludable evidence. *Alanis*, 88 F. App'x at 17. Consequently, his bald assertion in his habeas petition—unsupported by any evidence—is insufficient to justify a conclusion that his counsel provided ineffective assistance. *See United States v. Flores*, 135 F.3d 1000, 1007 (5th Cir. 1998) (finding a district court properly granted government's motion for summary judgment where movant's claims were "conclusory and wholly unsupported by any probative evidence or affidavits in the record"); *Koch v. Puckett*, 907 F.2d 524, 531 (5th Cir. 1990)

6

("mere conclusory allegations on a critical issue are insufficient to raise a constitutional claim") (citation omitted); *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) ("mere conclusory allegations do not raise a constitutional issue in a habeas proceeding").

**(2) Adversarial Testing**

"[T]he adversarial process protected by the Sixth Amendment requires that the accused have 'counsel acting in the role of an advocate.' " *United States v. Cronic*, 466 U.S. 648, 656 (1984) (quoting *Anders v. California*, 386 U.S. 738, 743 (1967)). Hence, "[t]he right to the effective assistance of counsel is . . . the right of the accused to require the prosecution's case to survive the crucible of meaningful adversarial testing." *Id.* "[I]f the process loses its character as a confrontation between adversaries, the constitutional guarantee is violated." *Id.* at 656–57. But to prevail on an ineffective assistance of counsel claim, a petitioner must show his " 'counsel *entirely* fail[ed] to subject the prosecution's case to meaningful adversarial testing.' " *Bell v. Cone*, 535 U.S. 685, 697 (2002) (emphasis in original) (quoting *Cronic*, 466 U.S. at 659).

The record does not support Molinar's claim. It shows his trial counsel actively advocated on his behalf throughout trial. Indeed, his counsel explained in an opening statement that there was no physical evidence, and that the charges were based on the allegations of the victims alone:

> [W]e already know that there's only statements here. This is all about statements. There is no physical evidence. So if you think about it like that, what would you do? How would you defend yourself? What would you do?

Trial Tr., ECF No. 18-3, at 83. His counsel cross-examined the State's witnesses and objected to the testimony of a second out-cry witness. *Id.* at 120–39, 142–44, 155, 176, 202–11, 213–14, 228; Trial Tr., ECF No. 18-4, at 26–32. They further moved for a directed verdict on all counts, arguing

7

a lack of sufficient evidence to support conviction for the charges. Trial Tr., ECF No. 18-4, at 36–40. In closing argument, they emphasized inconsistencies in the victim's behavior and testimony—as well as the lack of any physical evidence. *Id*. at 67–79.

Additionally, Molinar fails to identify what, if any, additional questions his counsel should have asked during cross-examination of the witnesses—and he fails to identify what beneficial information would have been obtained. Furthermore, his claim is meritless because he fails to show his counsel's actions were not the result of reasoned trial strategy. *See United States v. Bernard*, 762 F.3d 467, 472 (5th Cir. 2014) ("Because decisions regarding cross-examination are strategic, they usually 'will not support an ineffective assistance claim.' ") (quoting *Dunham v. Travis*, 313 F.3d 724, 732 (2d Cir. 2002)).

**(3) State Court Decision**

The Texas Court of Criminal Appeals denied Molinar's state habeas application without written order. Action Taken, ECF No. 18-16. Its "determination of a factual issue must be presumed correct, and the habeas petitioner bears the burden of rebutting the presumption by clear and convincing evidence." *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000). Furthermore, "[i]ts findings are entitled to this presumption of correctness even on an ambiguous record." *Teague v. Scott*, 60 F.3d 1167, 1170 (5th Cir. 1995).

"Although state court findings of fact made in the course of deciding an ineffectiveness claim are subject to the deference requirement of § 2254(d), . . . both the performance and prejudice components of the ineffectiveness inquiry are mixed questions of law and fact." *Strickland*, 466 U.S. at 698. Therefore, when a state court has determined that counsel was reasonably effective,

8

federal courts "look to whether the state court decision rested on 'an unreasonable application of clearly established federal law.' " *Kitchens v. Johnson*, 190 F.3d 698, 701 (5th Cir. 1999) (quoting 28 U.S.C. § 2254(d)(1)). "A state court's application of federal law is unreasonable when 'reasonable jurists considering the question would be of one view that the state court ruling was incorrect.' " *Id.* (quoting *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996).

Molinar has failed to meet his burden of rebutting the state court's factual findings by clear and convincing evidence. He has also failed to show that the state court's decision involved an "unreasonable application" of the *Strickland* standard. *Nobles v. Johnson*, 127 F.3d 409, 416 (5th Cir. 1997) (quoting 28 U.S.C. § 2254(d)(1)).

### B. Insufficiency of the Evidence

Molinar claims the evidence was insufficient to support the conviction because the State failed to produce any medical evidence or eyewitness accounts to support the allegation that he penetrated the vagina and anus of L.M. Pet'r's Pet., ECF No. 1 at 6.

A court reviews claims regarding sufficiency of the evidence under the standard set forth by the Supreme Court in *Jackson v. Virginia*, 443 U.S. 307 (1979). It examines them "in the light most favorable to the jury's verdict and affirm[s] if a rational trier of fact could have found that the government proved all essential elements of a crime beyond a reasonable doubt." *United States v. Brito*, 136 F.3d 397, 408 (5th Cir. 1998). In so doing, it draws all reasonable inferences in support of the verdict. *United States v. Guerrero*, 169 F.3d 933, 939 (5th Cir. 1999). Likewise it "must accept credibility choices that support the jury's verdict, and . . . may not reweigh the evidence." *Id*.

K.R. testified at trial that Molinar touched her under her underwear "where [she] pee[d]" while watching a movie together, as well as demonstrated the touch with anatomically correct dolls. Trial Tr., ECF No. 18-3 at 149–54. L.M. testified at trial about five different instances of abuse and demonstrated the improper touching with anatomically correct dolls. *Id.*, ECF No. 18-3 at 181–99. Additionally, the victims' testimony was corroborated by testimony concerning their outcries to their family members and during their forensic interviews. *Id.*, ECF No. 18-3 at 89–144, 215–51; Trial Tr., ECF No. 18-4, at 7–35.

Under Texas case law, the testimony of a victim standing alone—even when the victim is a child—is "sufficient to support [a] conviction" for sexual assault. *Carty v. State*, 178 S.W.3d 297, 303 (Tex. App. 2005). Also under Texas case law, "outcry testimony admitted in compliance with Art. 38.072 is admitted as an exception to the hearsay rule, meaning it is considered substantive evidence, admissible for the truth of the matter asserted in the testimony." *Rodriguez v. State*, 819 S.W.2d 871, 873 (Tex. Crim. App.1991).

"Molinar's claim that the evidence is insufficient to justify his convictions amounts to nothing more than a disagreement with the fact-finder's resolution of conflicts in the evidence." Resp't's Answer, ECF No. 20 at 20. Based on the evidence presented at Molinar's trial, a rational trier of fact could have found that the government proved all essential elements of a crime beyond a reasonable doubt. *Brito*, 136 F.3d at 408. Molinar has not met his burden of showing that the state court decided a federal issue contrary to clearly established federal law as determined by the Supreme Court, or that the state court's decision was based on an unreasonable determination of the facts considering the record. *Harrington*, 562 U.S. at 100–01.

### C. Ineffective Assistance of Appellate Counsel

Molinar contends his appellate counsel provided ineffective assistance when he failed to address the ineffective assistance of his trial counsel in his appeal. Pet'r's Pet., ECF No. 1 at 7.

The two-part *Strickland* test applies to most complaints regarding the performance of appellate counsel. *Williams v. Collins*, 16 F.3d 626, 635 (5th Cir. 1994). But "[t]he Constitution does not require appellate counsel to raise every non-frivolous ground that might be pressed on appeal." *Ellis v. Lynaugh*, 873 F.2d 830, 840 (5th Cir. 1989). Thus, where a defendant's appellate counsel presented, briefed, and argued, albeit unsuccessfully, one or more nonfrivolous grounds for relief on appeal, the defendant was neither actually nor constructively denied assistance of counsel on direct appeal. *Moss v. Collins*, 963 F.2d 44, 48 (5th Cir. 1992).

Molinar's appellate counsel raised two objections in his direct appeal. *Molinar*, 2021 WL 288047, at *2. First, he asserted the trial court erred by not permitting Molinar's trial counsel to impeach a witness "with a prior misdemeanor offense involving her moral turpitude." *Id*. He then claimed the court erred by denying Molinar's "motion for a directed verdict based on an asserted failure of the State to prove the period between assaultive events was at least thirty days." *Id*. So, Molinar was neither actually nor constructively denied assistance of counsel on direct appeal. Furthermore, as the Court noted above, Molinar's claims about his trial counsel lack merit. His appellate counsel's performance cannot be deficient for failing to press a frivolous claim. *See Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998) ("Because failure to make a frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness, . . . Green has not established deficient performance.") (citing *Sones v. Hargett*, 61 F.3d 410, 415

11

(5th Cir. 1995)).

Once again, Molinar has not met his burden of showing that the state court decided a federal issue contrary to clearly established federal law as determined by the Supreme Court, or that the state court's decision was based on an unreasonable determination of the facts considering the record. *Harrington*, 562 U.S. at 100–01.

### D. Trial Court Errors

Finally, Molinar maintains the trial court erred by (1) not permitting the impeachment of a witness with a prior charge, (2) allowing hearsay testimony, and (3) imposing a sentence which was "contrary to the law." Pet'r's Pet., ECF No. 1 at 7.

**(1) Impeach Witness**

Paula Quintana, L.M.'s stepmother and an outcry witness, was previously charged with a misdemeanor offense—false report to an officer—in an incident unrelated to the events or people involved in the instant trial. Trial Tr., ECF No. 18-3 at 241–48. Quintana pleaded guilty, but she was placed on deferred adjudication and the charge was dismissed before Molinar's trail. *Id.*

The trial court did not allow Molinar to impeach Quintana because as Texas law requires "[e]vidence of a *conviction*" to impeach a witness's credibility for truthfulness. Tex. R. Evid. 609(a) (emphasis added). Thus, since Quintana was not convicted, the trial court did not err when it did not allow Molinar to impeach Quintana with the false report to an officer charge.

**(2) Hearsay**

"[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle*, 502 U.S. at 67–68. "Errors of state law, including evidentiary errors, are not cognizable in habeas corpus" proceedings. *Derden v. McNeel*, 978 F.2d 1453, 1458

12

(5th Cir. 1992). Moreover, under Texas case law, "outcry testimony admitted in compliance with Art. 38.072 is admitted as an exception to the hearsay rule, meaning it is considered substantive evidence, admissible for the truth of the matter asserted in the testimony." *Rodriguez*, 819 S.W.2d at 873. The trial court did not err when it admitted the hearsay evidence.

### (3) Sentence

"An illegal sentence is primarily restricted to those instances in which the term of the prisoner's sentence is not authorized by the statute or statutes which govern the penalty for the crime of conviction." *Montgomery v. Louisiana*, 577 U.S. 190, 196 (2016), *as revised* (Jan. 27, 2016) (quotations and citations omitted).

Molinar was found guilty on one count of continuous sexual abuse of a child under fourteen, in violation of Texas Penal Code § 21.02, and sentenced to 45 years' imprisonment. *Molinar*, 2021 WL 288047, at *1. "An offense under this section is a felony of the first degree, punishable by imprisonment in the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 25 years." Tex. Penal Code Ann. § 21.02 (West). Molinar was also found guilty on one count of indecency with a child by sexual contact, in violation of Texas Penal Code § 21.11(a)(1), and sentenced to a concurrent term of ten years' imprisonment. *Molinar*, 2021 WL 288047, at *1. "An offense under Subsection (a)(1) is a felony of the second degree." Tex. Penal Code Ann. § 21.11 (West). "An individual adjudged guilty of a felony of the second degree shall be punished by imprisonment in the Texas Department of Criminal Justice for any term of not more than 20 years or less than 2 years." Tex. Penal Code Ann. § 12.33 (West). Accordingly, the trial court imposed a sentence within the statutory limits and Molinar cannot

show his sentences were not authorized by the statutes governing the penalties for his crimes.

## CERTIFICATE OF APPEALABILITY

A petitioner may not appeal a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). He must make "a substantial showing of the denial of a constitutional right" before a certificate of appealability may issue. *Id*. § 2253(c)(2). In cases where a district court rejects a petitioner's constitutional claims on the merits, he "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To warrant a certificate as to claims that a district court rejects solely on procedural grounds, he must show both that "jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Reasonable jurists could not debate the Court's reasoning for denying Molinar's claims on procedural or substantive grounds—or find that his current issues deserve encouragement to proceed in a federal court. *Miller El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). The Court will, therefore, not issue a certificate of appealability.

## CONCLUSIONS AND ORDERS

The Court concludes that Molinar has not met his burden of showing (1) the state court decided a federal issue contrary to clearly established federal law as determined by the Supreme Court, or (2) the state court's decision was based on an unreasonable determination of the facts considering the record. The Court further concludes that Molinar has not shown the state court's rejection of his claims was objectively unreasonable. The Court also concludes that Molinar is,

therefore, not entitled to § 2254 relief. The Court finally concludes that Molinar is not entitled to a certificate of appealability. The Court, therefore, enters the following orders:

**IT IS ORDERED** that Molinar's *pro se* petition for a writ of habeas corpus (ECF No. 1) is **DENIED** and his cause is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Molinar is **DENIED** a certificate of appealability.

**IT IS FURTHER ORDERED** that all pending motions, if any, are **DENIED**.

**IT IS FINALLY ORDERED** that the District Clerk shall **CLOSE** this case.

**SO ORDERED**.

**SIGNED** this 6th day of June 2023.

_____
**FRANK MONTALVO**
**SENIOR UNITED STATES DISTRICT JUDGE**